UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| QUAMAYNE SIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN GALIPEAU, LIVERS, ALLEN, KELLY, CHAPMAN, WHITAKER, GLEESON, and BLACK,<br><br>    Defendants. | CAUSE NO. 3:22-CV-783-JD-MGG |

OPINION AND ORDER

Quamayne Simmons, a prisoner without a lawyer, filed a complaint and a motion for a preliminary injunction. ECF 1, 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Simmons is being held in Westville Correctional Facility's Restrictive Housing Unit after he assaulted staff. ECF 1 at 6. He also has Stage 3 Colorectal Cancer and wears a colostomy bag. ECF 1 at 3; ECF 1-1 at 18. His complaint centers on two aspects of his medical care: an alleged failure to treat his cancer and an alleged failure to provide proper care for his colostomy bag.

Regarding the cancer, Simmons alleges that his surgeon told him he needed chemotherapy and he was allegedly supposed to start chemotherapy in January or February 2022. ECF 1 at 4; ECF 1-1 at 3, 8. But he was transferred to Westville in February 2022 and has not had any treatment so far. ECF 1 at 4. He says he has not yet received chemotherapy because Westville doesn't have the staff or equipment necessary for the treatments. *Id.* He seeks damages and a transfer to a different prison.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a

2

judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted).

Giving Simmons the benefit of the inferences to which he is entitled at this juncture, he has stated a claim that he is not being provided with constitutionally adequate medical care for his cancer. However, the complaint does not identify a defendant who can be charged with responsibility for this lack of medical care. In order to sue a defendant for damages under 42 U.S.C. § 1983, the complaint must plausibly allege the defendant's personal involvement in the alleged constitutional violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that in order to state a § 1983 claim against an individual, the complaint needs to detail how that person was involved in the alleged violation. Here, Simmons does not detail what involvement each of the named defendants had regarding his cancer or access to chemotherapy, and therefore the complaint does not state a claim for monetary damages regarding his cancer care.

However, personal involvement is not necessary to state a claim for injunctive relief; a claim for injunctive relief requires only that a court "conduct a straightforward

inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002) (quotation marks and brackets omitted). Here, Simmons plausibly alleges he is not getting constitutionally adequate medical care for his cancer and seeks care going forward. Warden John Galipeau, in his official capacity, is the proper defendant for the injunctive relief claim because he has both the authority and the responsibility to ensure that Simmons receives constitutionally adequate medical care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, he may proceed against the Warden in his official capacity for injunctive relief.

Regarding the colostomy bag, Simmons alleges that his placement in RHU prevents him from possessing in his cell the items he needs for the care and disposal of his colostomy bag, and therefore he relies on prison staff for assistance in changing it.[1] ECF 1 at 4. He alleges that Nurse Livers has refused to order the supplies needed for him to change his colostomy bag, at times resulting in Simmons not being able to change his colostomy bag for up to two weeks. ECF 1 at 3. He also alleges that Nurse Allen and Nurse Kelly refuse to provide him with a change of his colostomy bag on a daily basis, and as a result he has pain in the area where the bag connects to his stomach

---

[1] He does not state what kind of colostomy bag he has. "Different pouching systems are made to last different lengths of time. Some are changed every day, some every 3 days or so, and some just once a week." American Cancer Society, *Caring for a Colostomy*, available at https://www.cancer.org/treatment/treatments-and-side-effects/treatment-types/surgery/ostomies/colostomy/management.html (last visited Sept. 19, 2022). Based on this, it is reasonable to assume that his bag needs to be changed at least once a week, if not more.

4

and pain throughout his stomach. ECF 1 at 3-4. This states a claim for damages against Nurse Livers, Nurse Allen, and Nurse Kelly under the Eighth Amendment.

Simmons also sues several of the correctional officers who work on his unit for not contacting medical when he was in pain or when he needed more supplies and for not allowing him enough showers to effectively clean the area around his colostomy bag. ECF 1 at 6-8. He alleges the correctional officers refuse to help him based solely on the fact that he assaulted staff and not for a penological purpose. Typically, not having access to a shower or cleaning materials for a short period of time would not state a constitutional claim. But it is plausible that Simmons' medical condition necessitates more frequent showers or access to hygiene supplies than is typically allowed in RHU. And refusing to contact medical when he is out of supplies or in pain could constitute deliberate indifference to Simmons' serious medical needs. Thus, Simmons has stated an Eighth Amendment claim against Officer Chapman, Officer Whitaker, Sergeant Gleeson, and Lieutenant Black.

Simmons does not state a claim against Deputy Warden Watts, who he says is in a position to stop the neglect and abuse. ECF 1 at 9. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and Deputy Warden Watts cannot be held liable solely because he supervises other prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Simmons contends Deputy Warden Watts personally knew about his situation from grievances he filed. But Deputy Warden Watts' name appears nowhere on the grievances or grievance responses Simmons attached to his complaint, and so it is not clear whether the Deputy

5

Warden was aware of Simmons' situation. Deputy Warden Watt's undefined role in processing grievances is not a basis for personal liability. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

Simmons also moves for a preliminary injunction, requesting an emergency medical transfer to a different prison that can provide medical care for his cancer. ECF 2. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be

decided after more complete discovery and litigation." *Id.* On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts like those requested by Simmons are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). In light of these considerations, the court will order the Warden to respond before taking further action on the motion.

For these reasons, the court:

(1) GRANTS Quamayne Simmons leave to proceed against Warden John Galipeau in his official capacity for injunctive relief to receive constitutionally adequate medical care for his cancer as required by the Eighth Amendment;

(2) GRANTS Quamayne Simmons leave to proceed against Nurse Livers, Nurse Allen, and Nurse Kelly in their individual capacities for compensatory and punitive damages for failing to provide adequate supplies and care for the changing and

disposal of Simmons' colostomy bag starting in February 2022 in violation of the Eighth Amendment;

(3) GRANTS Quamayne Simmons leave to proceed against Officer Chapman, Officer Whitaker, Sergeant Gleeson, and Lieutenant Black in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical need to change his colostomy bag, to receive treatment for resulting stomach pain, and to regularly clean the area around his colostomy bag in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Watts;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden John Galipeau, Officer Chapman, Officer Whitaker, Sergeant Gleeson, and Lieutenant Black at the Indiana Department of Correction and to send them a copy of this order, the complaint (ECF 1), and the motion for preliminary injunction (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to fax or email a copy of the same documents to the Warden John Galipeau at Westville Correctional Facility;

(8) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Livers, Nurse Allen, and Nurse Kelly at Centurion Health and to send them a

copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(9) ORDERS the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(10) ORDERS Warden John Galipeau to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **October 11, 2022**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical condition; and

(12) ORDERS Warden John Galipeau, Nurse Livers, Nurse Allen, Nurse Kelly, Officer Chapman, Officer Whitaker, Sergeant Gleeson, and Lieutenant Black to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 19, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT