UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| QUAMAYNE SIMMONS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-783-JD-MGG |
| JOHN GALIPEAU, et al., | |
| Defendants. | |

OPINION AND ORDER

Quamayne Simmons, a prisoner without a lawyer, filed a complaint and a motion for a preliminary injunction. ECF 1, 2. As relevant here, he was granted leave to proceed against Warden John Galipeau in his official capacity "for injunctive relief to receive constitutionally adequate medical care for his cancer as required by the Eighth Amendment[.]" ECF 5 at 7. Simmons was treated for colon cancer in 2021 and asserted that he was supposed to receive additional chemotherapy in February or March 2022 but it never happened. ECF 2 at 1. In addition, Simmons stated that he was unable to care for his colostomy bag properly while housed in a Restricted Housing Unit, where he was unable to keep his supplies in his cell and shower as needed. *Id.* at 3.

The court reviewed the Warden's response and noted that the Warden provided evidence that Simmons was scheduled to see an outside specialist but the results of that appointment were not in the record. ECF 18 at 3. Additionally, the Warden provided evidence that sufficient colostomy bags were ordered, but he did not address Simmons' complaint that he could not access those supplies as needed while in restricted housing.

*Id.* at 5. However, the court noted that the record revealed Simmons might have been released from the Restricted Housing Unit, so this aspect of the preliminary injunction motion might be moot. *Id.* The Warden was ordered to file a supplemental response addressing these issues, and he has done so. ECF 22.

The Warden's response reveals that at an October 13, 2022, visit, the outside oncologist ran tests and ordered a CT scan, which was completed on November 30, 2022. ECF 22-1 at ¶ 7. That doctor did not order any additional chemotherapy. *Id.* In addition, the Warden attested that Simmons was no longer in the Restricted Housing Unit, and instead is now in a dorm where he is able to move about freely and has unrestricted access to the bathroom facilities. *Id.* at ¶¶ 3-4. A nurse visits the dorm daily to deliver medication and address medical issues, and Simmons has not raised any issues with his colostomy care. *Id.* at ¶¶ 5-6.

Based on this new information, the preliminary injunction motion must be denied. A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Prisoners are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, they are "not entitled to demand

specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Here Simmons received an appointment with an oncologist, who did not recommend further treatment. Thus, he has no likelihood of success to show that his current cancer care is constitutionally inadequate.

Moreover, the Warden has attached evidence that Simmons has not reported any difficulties caring for his colostomy bag since his transfer out of the Restricted Housing Unit. A claim for injunctive relief can become moot if the plaintiff "is no longer subject to the conditions that formed the basis of his complaint." *Olson v. Brown*, 594 F.3d 577, 581 (7th Cir. 2010); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). Here, the Warden has demonstrated that Simmons is no longer subject to the restrictions he complained of in the Restricted Housing Unit, and there is no indication he will return there. Therefore, Simmons' complaints about the restrictions on changing his colostomy bag and cleaning his colostomy site are now moot.

For these reasons, the court DENIES the motion for preliminary injunction (ECF 2).

SO ORDERED on January 11, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT