UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUAMAYNE SIMMONS,

    Plaintiff,

    v.                                      CAUSE NO. 3:22-CV-783-JD-MGG

JOHN GALIPEAU, et al.,

    Defendants.

## OPINION AND ORDER

Quamayne Simmons, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against Warden John Galipeau in his official capacity for injunctive relief to receive constitutionally adequate medical care for his cancer as required by the Eighth Amendment[.]" ECF 5 at 7. Second, he is proceeding against Nurse Livers and Nurse Allen "in their individual capacities for compensatory and punitive damages for failing to provide adequate supplies and care for the changing and disposal of Simmons' colostomy bag starting in February 2022 in violation of the Eighth Amendment[.]" *Id.* at 7-8. Third, he is proceeding "against Officer Chapman, Officer Whitaker, Sergeant Gleeson, and Lieutenant Black in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical need to change his colostomy bag, to receive treatment for resulting stomach pain, and to regularly clean the area around his colostomy bag in violation of the Eighth Amendment[.]" *Id.* at 8.

On February 24, 2023, Warden Galipeau, Lt. Black, Sgt. Gleeson, Officer Chapman, and Officer Whitaker (the "state defendants") filed a motion for summary judgment, arguing Simmons did not exhaust his administrative remedies before filing this lawsuit. ECF 25.[1] With the motion, the state defendants provided Simmons the notice required by N.D. Ind. L.R. 56-1(f). ECF 28. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over three months ago, but Simmons has not responded. Therefore the court will now rule on the state defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly

---

[1] Nurse Livers and Nurse Allen (the "medical defendants") have not moved for summary judgment.

2

supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The state defendants provide an affidavit from the prison's Grievance Specialist, who attests to the following facts:[2] In order to exhaust a grievance, an offender must complete three steps: (1) a formal grievance; (2) a Level I appeal; and (3) a Level II

---

[2] Because Simmons has not responded to the state defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

appeal. ECF 25-1 at 2; ECF 25-2 at 3. Simmons submitted several grievances related to his medical care, but did not fully exhaust any of those grievances. ECF 25-1 at 4-7.

First, on March 13, 2022, Simmons filed a grievance stating his doctors were denying him refills of colostomy supplies. ECF 25-1 at 5; ECF 25-3 at 8. On March 25, 2022, the grievance office rejected Simmons' March 13 grievance because his medical records showed he had received new supplies on February 25, 2022. ECF 25-1 at 5; ECF 25-3 at 9. Simmons did not attempt to resubmit the grievance within the 5 days allowed by the rules to revise a rejected grievance. *See* ECF 25-2 at 10. Instead, he submitted another grievance, contesting the conclusion that he had received sufficient supplies.

On March 30, 2022, Simmons submitted Grievance 140496, stating he disagreed with the response to his March 13 grievance because he did not receive all of his supplies. ECF 25-1 at 5; ECF 25-3 at 7. On April 27, 2022, the grievance office denied Grievance 140496 on its merits, concluding his medical records showed he had received all his supplies. ECF 25-1 at 5; ECF 25-3 at 5. Simmons marked that he disagreed with the response, but never followed up by submitting an appeal form. *Id.*; ECF 25-3 at 1; *see* ECF 25-2 at 12 (If the offender is dissatisfied with the grievance response, they may appeal the response by completing the appropriate sections of State Form 45473, "Grievance Appeal").

On June 21, 2022, Simmons filed Grievance 142661, stating prison staff were denying him medical supplies. ECF 25-1 at 5; ECF 25-3 at 12. On July 1, 2022, the grievance office denied Grievance 142661 on its merits, concluding Simmons had received his colostomy supplies. ECF 25-1 at 5; ECF 25-3 at 10. Simmons again marked

4

that he disagreed with the response, but did not submit an appeal form. *Id.*; ECF 25-3 at 1.

Lastly, on July 12, 2022, Simmons filed Grievance 143095, stating he needed to see an oncologist. ECF 25-1 at 6; ECF 25-3 at 17. On July 25, 2022, the grievance office denied Grievance 143095 on the merits, noting medical staff had requested an oncology consultation. ECF 25-1 at 6; ECF 25-3 at 15. Simmons again marked that he disagreed with the response, but did not submit an appeal form. *Id.*; ECF 25-3 at 1.

Here, the undisputed facts show Simmons did not fully exhaust any grievance before filing this lawsuit. Specifically, it is undisputed Simmons submitted numerous grievances regarding his medical care, the grievance office denied these grievances on the merits, and Simmons never appealed the grievance office's denial of these grievances, as was necessary to exhaust his remedies. It appears his first grievance from March 13 was improperly rejected, as the fact that Simmons received his medical supplies was a reason for denying, but not for rejecting, the grievance. However, the grievance office's improper rejection of this grievance did not make Simmons' administrative remedies unavailable, as Simmons was able to submit numerous additional grievances regarding his medical care which the grievance office accepted and addressed on the merits, giving him several opportunities to fully exhaust these claims. *See McChristian v. Anderson*, No. 3:21-CV-43, 2022 WL 4016959, at *2 (N.D. Ind. Sept. 2, 2022) ("Regardless, even assuming the grievance office improperly rejected this grievance, this did not make the grievance process unavailable to McChristian because

5

he was able to correct and resubmit this grievance as Grievance 111191, which was accepted by the grievance office and denied on its merits.").

Simmons provides no evidence he submitted any other relevant grievance or his administrative remedies were in any way unavailable. Accordingly, the state defendants have met their burden to show Simmons did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the state defendants' motion for summary judgment (ECF 25);

(2) DISMISSES Warden Galipeau, Lt. Black, Sgt. Gleeson, Officer Chapman, and Officer Whitaker from this lawsuit; and

(3) REMINDS the parties this case is now proceeding only on Simmons' remaining claim against Nurse Livers and Nurse Allen in their individual capacities for compensatory and punitive damages for failing to provide adequate supplies and care for the changing and disposal of Simmons' colostomy bag starting in February 2022 in violation of the Eighth Amendment.

SO ORDERED on July 7, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT